**RUI YANG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70144.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 2, 2006.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Rui Yang, a native and citizen of China, petitions for review of the Board of Immigration Appeals' denial of his application for asylum and withholding of removal.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The Immigration Judge ("IJ") found Yang failed to establish either past persecution or a well-founded fear of persecution on account of a protected ground (political opinion). *See* 8 U.S.C. § 1158(a) (granting Attorney General discretion to grant asylum status to alien refugees); 8 U.S.C. § 1101(a)(42)(A) (defining "refugee" as an alien who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion").

The Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision and offered its own brief reasoning. We review the decisions of the IJ and the BIA for substantial evidence and will reverse only if the record compels a contrary conclusion. *Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995).

"[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS*, 58 F.3d 1425 (9th Cir.1995). Police officers pushed Yang and hit him in the face six or seven times. He was detained for three days and offered one meal each day. When Yang agreed to pay a fine and not participate in protests he was released without condition. Such treatment does not compel a finding of persecution. *See, e.g., Tarubac v. INS*, 182 F.3d 1114, 1118 (9th Cir.1999) (finding persecution where petitioner had been harassed by members of a violent, revolutionary group in her home; threatened with death; kidnaped; blindfolded and held for three days without food; and repeatedly harassed after escape); *Prasad*, 47 F.3d at 340 (affirming BIA's denial of asylum where petitioner had been arrested, kicked and beaten by police and detained for a day).

The evidence also does not compel a finding that Yang's mistreatment was on account of his political opinion because his arrest came on the fifth day of protests, at which point the protests had turned confrontational. *See Tarubac*, 182 F.3d at 1118 (discussing required causal connection between persecution and petitioner's political opinion).

The standard for withholding of removal is stricter than that for asylum. *Prasad*, 47 F.3d at 340. Because the asylum petition fails, Yang's petition for withholding of removal fails as well.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Yang does not appeal the denial of his claim for protection under the Convention Against Torture.